8 F.3d 34
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Derek ZUPANCIC; Linda Zupancic Debtors.
Derek ZUPANCIC; Linda Zupancic, Appellants,
v.
Michael Jerome WINER; Maxine Winer; Martin A. Rechnitzer,
Trustee, Appellees.
 No. 91-55859.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1993.*
Decided Oct. 5, 1993.
 
 Before: KOZINSKI, SILER,** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The bankruptcy court's approval of an application to compromise a claim is reviewed for abuse of discretion. In re A & C Properties, 784 F.2d 1377, 1380 (9th Cir.), cert. denied sub nom. Martin v. Robinson, 479 U.S. 854 (1986). We must ask "whether the settlement entered into by the trustee was reasonable, given the particular circumstances of the case." Id. at 1381. This case comes to us on appeal from a decision of the BAP, but we apply the same standard of review as the BAP and therefore review the underlying bankruptcy court decision for abuse of discretion. In re Burley, 738 F.2d 981, 986 (9th Cir.1984).
 
 
 3
 We reject the Zupancics' argument that the bankruptcy court erred on remand inasmuch as it considered bids other than the Winers' original $3,000 bid. The remand order states
 
 
 4
 To the extent that the Trustee's actions in disavowing his intent to abandon were self-serving, he must in equity be estopped. The ruling of the court below is REVERSED and the matter REMANDED for a consideration and ruling as to whether the proposed settlement would benefit someone other than the Trustee.[1]
 
 
 5
 The trustee conceded that the $3,000 settlement would not benefit the creditors, so he was estopped from disavowing his abandonment of the claim in order to obtain this settlement. At the hearing, he conceded that even a higher amount would not benefit creditors. The intent of the remand was at that point accomplished.
 
 
 6
 At that point in the hearing, however, the Winers' attorney said that they would be prepared to settle for as much as $10,000 if that would be enough to confer some benefit on the creditors and thereby enable the trustee to disavow his abandonment and accept the settlement. The trustee agreed that at $10,000, "the creditors do get something," and the judge approved the settlement. The judge had already said that "if there is $10,000 in the case, it will not be all generated for the benefit of the trustee and the trustee's counsel."
 
 
 7
 This was an exercise of discretion in response to changed circumstances not contemplated by the remand, and not inconsistent with it. We see no abuse of discretion. In re A & C Properties, 784 F.2d at 1380. We need not reach the appellees' contention that the bankruptcy judge found that there would have been benefit to the creditors even if the claim was settled for $3000.
 
 
 8
 We are nevertheless troubled by the unfairness to the Zupancics. The trustee abandoned the claim against the Winers, so the Zupancics spent $8,000 in attorneys' fees pursuing it on their own behalf. The creditors, the trustee, and the trustee's attorneys would have obtained nothing from the Winers were it not for the Zupancics' efforts. Yet they now propose to appropriate all the money the Zupancics' efforts obtained, while leaving the Zupancics bearing the burden of having obtained it. The bankruptcy court, as a court of equity will, we trust, assure that equity is done.
 
 
 9
 If the $8,000 that the Zupancics spent to pursue their cause of action against the Winers was acquired after their petition for bankruptcy was filed, then it probably belonged to them, not the bankruptcy estate. 11 U.S.C. 541(a)(6). A debtor's attorney is eligible for compensation for all "actual, necessary services," 11 U.S.C. 330(a), but in this case the attorney has already been paid. The attorney's services were intended to benefit the Zupancics, but the estate is appropriating the benefit conferred by the attorney. The creditors and the Trustee thus received a windfall benefit at the Zupancics' expense. The trustee was prepared to accept $3,000, which itself was available only because of the Zupancics' efforts in their claim against the Winers, so it is difficult to see how he could be entitled to any compensation based upon more than the $3,000. The entire $10,000 is a windfall to the estate conferred solely because of the Zupancics' efforts and $8,000 expense. This may well be unjust enrichment. See Restatement of Restitution § 1 (1962); See also In re De Laurentiis Entertainment Group Inc., 963 F.2d 1269, 1273 (9th Cir.) (quantum meruit theory of recovery) (cert. denied sub nom. Carolco Television Inc. v. National Broadcasting Co., Inc., 113 S.Ct. 330 (1992)).
 
 
 10
 A bankruptcy court is a court of equity. In re United Energy Co., 944 F.2d 589 (9th Cir.1991). We trust that on remand the bankruptcy judge will ensure that some benefit will accrue to the Zupancics for their expenditures in reviving and pursuing their case against the Winers.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Eugene E. Siler, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The trustee had argued that no abandonment had occurred because no notice was given to creditors. Under Bankruptcy Rule 6007, notice to creditors is required, see Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705 (9th Cir.1986), but Rule 6007 was not in effect at the time of the alleged abandonment. However, 11 U.S.C. 554(a), which was operative at the time, requires "notice and a hearing" before the trustee could abandon some of the estate's property